IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FREDDY CAMARGO,
      Plaintiff,

vs.                                                         Case No. 5:06cv246/RS/EMT

FEDERAL BUREAU OF PRISONS,
      Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the court upon Plaintiff's filing of an amended civil rights complaint under 28 U.S.C. § 1331 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), or 28 U.S.C. § 1346 (Doc. 13).  Leave to proceed in forma pauperis has been granted (*see* Doc. 5).  Upon review of the complaint, the court concludes that Plaintiff's claims are barred by the statute of limitations and should be dismissed.

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A.  § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th

Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 923 (11th Cir. 1997).

A Bivens action is governed by the same statute of limitations applicable to actions under 42 U.S.C. § 1983. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996) (citing Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995)); Kurinsky v. United States, 33 F.3d 594, 599 (6th Cir. 1994), *cert. denied*, 514 U.S. 1082 (1995); Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991); Bieneman v. City of Chicago, 864 F.2d 463, 469–70 (7th Cir. 1988), *cert. denied*, 490 U.S. 1080 (1989); Chin v. Bowen, 833 F.2d 21, 23–24 (2d Cir. 1987)). Because section 1983 does not contain a specific statute of limitations, 42 U.S.C. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. *See also* Owens v. Okure, 488 U.S. 235, 236, 249–50 (1989). The Supreme Court has further stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. Wilson v. Garcia, 471 U.S.261, 276 (1985). Further, the Court stated that the statute, once selected, should govern all section 1983 actions arising in that state. *Id.* at 275; *see also* Jones v. Preuit & Mauldin, 763 F.2d 1250,1252 (11th Cir. 1985) (citations omitted). The applicable statute of limitations in Florida is four (4) years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); § 95.11(3)(p), Fla. Stat. (1995); *see also* City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years"). This period may be tolled, however, by the adjudicated incapacity, or previously adjudicated incapacity, of plaintiff, but, in either event, "the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action." § 95.051(1)(d) & (h), Fla. Stat.; *see also* Bd. of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 483–84 (1980) (federal courts barrow statutes of limitation and tolling provisions from state law in § 1983 actions).[1] The running of the statute of limitations is a sufficient ground to

---

[1] The court notes that "[t]he doctrine of equitable tolling abates the harsh operation of the statute of limitations under certain circumstances in which barring a plaintiff's potentially meritorious action would be unjust." Justice v. United States, 6 F.3d 1474, 1475 (11th Cir.1993). It "is an extraordinary remedy which should be extended only sparingly," and before a court may equitably toll a limitations period, the plaintiff must establish that tolling is warranted. *Id.* at 1479.

Case No: 5:06cv246/RS/EMT

justify dismissal of a claim as frivolous.  Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003); Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 641 n.2 (11th Cir. 1990).

While state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). The general federal rule is that a cause of action "will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." Chappell, 340 F.3d at 1283 (citation omitted); Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (The statute of limitations accrues "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."); *see also* Walker v. United States, 196 Fed. Appx. 774, 776 (11th Cir. 2006) (explaining that "a cause of action accrues for purposes of the statute of limitations in § 1983 and Bivens cases when the plaintiff knows or has reason to know of an injury and who has inflicted it").  An exception to this rule is the continuing violation doctrine. "The critical distinction in the continuing violation analysis . . . is whether the plaintiff[ ] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Knight v. Columbus, Ga., 19 F.3d 579, 580–91 (11th Cir. 1994) (internal quotation marks omitted).

"To dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar." Hughes, 350 F.3d at 1163.  Furthermore, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (citation omitted).

In the instant case, Plaintiff sues ten Defendants (Doc. 13 at 1, 2–3).  At all times relevant to this action, Plaintiff was a federal prisoner incarcerated in a federal correctional institution (*id.* at 6).  On or about April 26, 1998, Plaintiff alleges that a nurse negligently administered anesthesia to him causing him to pass out and strike his head resulting in injury to his head and back (*id.*).  In this action, Plaintiff claims that "Defendants were deliberate[ly] indifferent to his serious medical needs by failing to schedule surgery to repair the damage[] caused to his back" (*id.*).  Plaintiff further

alleges Defendants' refusal(s) to operate led to several other injuries (*id.*). For example, a few weeks later, Plaintiff alleges he re-injured his back for a second time (*id.*).

On May 29, 1998, Plaintiff alleges that he re-injured his back while watching a soccer game (*id.*). He further alleges that Defendants refused to refer him to a specialist and that he "continuously reported to health services, but the medical staff[] continu[ously] refused to refer[] him to a back specialist" (*id.*). On February 8, 1999, Plaintiff asserts that a Defendant wrote him a prescription for some pain medication but refused to recommend a MRI (*id.*). On June 29, 2000, Plaintiff alleges that he was "diagnosed with chronic LBP [(lower back problems)] and multiple [d]isc degeneration . . . [b]ut [Defendants] refused to recommend surgery" (*id.* at 6–7). On July 14, 2000, Plaintiff alleges Defendants "purported that . . . Plaintiff was" exaggerating symptoms and declined to recommend surgery (*id.* at 7). On July 31, 2000, Plaintiff alleges he was again given pain medication and denied a surgical referral by Defendants (*id.*). On September 13, 2000, Plaintiff reports that a "MRI showed degenerative disc disease and disc bulging . . . [b]ut no recommendation for surgery" was provided by Defendants (*id.*). On June 20, 2001, Plaintiff reports that he was again given pain medication and denied a surgical referral (*id.*). On June 27, 2001, Plaintiff was given "a series of epidural steroid injections" and informed Defendants that the treatment was not working (*id.*). Plaintiff again alleges that Defendants again denied his requests for surgery (*id.*). On July 13, 2001, Plaintiff alleges that he informed Defendants that the treatment was not working and Defendants once again refused to refer Plaintiff to a surgeon (*id.*). On November 9, 2001, Plaintiff reports that he had been complaining of back pain for two-and-a-half years, but Defendants refused to provide him with adequate medical care (*id.*). Thereafter, Plaintiff alleges that he "continuously reported to Health Services [and] . . . constantly requested pain surgery which medical staff[] continued [to] refuse to recommend" (*id.*). Finally, in April 2004, after yet another MRI, Plaintiff alleges that it was discovered that his April 26, 1998 injury was permanent. (*id.*). Plaintiff asserts that he is still suffering pain caused by the 1998 injury to this day (*id.*). For relief, Plaintiff seeks a declaration of "liability of $500,000 in compensatory and $350,000 in punitive damages, costs, and attorney's fees, and any other further relief the [c]ourt deems proper and just in the premises herein" (*id.* at 8).

At its core, Plaintiff's <u>Bivens</u> claim is grounded in Defendants' alleged refusals to provide him with adequate medical care.[2] To the extent Plaintiff alleges that each one of Defendants' denials was a distinct and separate injury, the court notes that the statute of limitations period beings to run from the date that facts which would support a cause of action for unconstitutional denial of adequate medical care would or should have been apparent to Plaintiff in each instance. *See* <u>Chappell</u>, 340 F.3d at 1283; <u>Brown</u>, 335 F.3d at 1261; *see also* <u>Walker</u>, 196 Fed. Appx. at 776. In the instant case, Plaintiff knew both that he was "injured" and that Defendants caused his "injury" upon receiving each of Defendants multiple denials for a surgical referral (*see* Doc. 13 at 6–7). Plaintiff first alleged Defendants wrongly denied him a surgical referral in April 1998 (*id.*). Plaintiff further alleges Defendants denied his numerous requests for a referral from April 1998 to November 9, 2001 (*see id.*). In April 2004, Plaintiff alleges that he became aware that his April 1998 injury was permanent but he does not allege Defendants engaged in any wrongfully conduct in April 1998 other than wrongfully denying his requests for surgery between April 1998 and November 2001 (*see id.*). More than four years have elapsed between each of Defendants allegedly wrongful denials of a surgical referral and the filing of the instant action. In addition, Plaintiff has made no argument that the statute of limitations should be tolled for any reason. Thus, Plaintiff's action, filed on September 18, 2006 — nearly five years after Defendants' most recent alleged denial of medical care (on November 9, 2001) (*see* Doc. 1, Attach. 1; Doc. 13 at 6–7), is barred by the statute of limitations and should be dismissed as frivolous. *See* <u>Hughes</u>, 350 F.3d at 1163; <u>Clark</u>, 915 F.2d at 641 n.2.

---

[2]Plaintiff does not appear to be making a Federal Tort Claims Act ("FTCA") claim related to any actions allegedly taken by Defendants. Even if his complaint were construed as making a FTCA claim, the FTCA imposes a two-year statute of limitations within which tort claims against the United States must be "presented in writing to the appropriate Federal agency." 28 U.S.C. § 2401(b). A claim under the FTCA accrues when plaintiff has knowledge of his injury and its cause. <u>United States v. Kubrick</u>, 444 U.S. 111, 123 (1979). Plaintiff has made no showing that he presented any tort claim to the Federal Bureau of Prisons. Furthermore, it is clear from the face of the complaint that Plaintiff was injured in April 1998 and the two-year statute of limitations has long since expired on any FTCA claim. *See id.*

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED** pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(i) as frivolous.

At Pensacola, Florida, this 27th day of April 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**